IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RICKY PHILLIPS,** | ) |
| Petitioner, | ) ) ) |
| v. | ) ) |
| **UNITED STATES OF AMERICA,** | ) No. 12 C 9911 ) |
| Respondent. | ) ) ) ) |

**MEMORANDUM OPINION AND ORDER**

In 2005, Ricky Phillips was sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e) after a jury found him guilty of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). After sentencing, Phillips appealed his conviction and sentence in the Seventh Circuit. On December 7, 2005, the Seventh Circuit granted defense counsel's motion to withdraw and Phillips was appointed appellate counsel from the Office of the Federal Public Defender. Subsequently, on October 31, 2006, the Seventh Circuit also granted appellate counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and dismissed the appeal. Phillips, acting pro se, now moves to correct judgment, contending that he does not have the requisite prior convictions to qualify as an armed career criminal under 18 U.S.C. § 924(e) because his prior conviction have expired and his

civil rights have been restored. For the following reasons, his motion is denied.

I.

After the Seventh Circuit dismissed his appeal, Phillips did not pursue any collateral challenge to his conviction or sentence until 2011. Phillips first filed a motion pursuant to 28 U.S.C. § 2241 on August 8, 2011, *see* Dkt. No. 11 C 5621 (N.D. Ill.), but I dismissed the petition without prejudice for failure to pay the filing fee. The Seventh Circuit affirmed that dismissal in February 2012, and stated that Phillips was free to file a new § 2241 petition in the district court, *see* Case No. 11-3483 (7th Cir.). In the mean time, on November 28, 2011, more than five years after the appeal in his criminal case was dismissed, Phillips filed the present "Motion to Correct Judgment." Phillips filed the motion under the criminal docket, *see* Dkt. No. 03 CR 465-1 (N.D. Ill.), and nowhere in the motion did he identify under which statute or rule he was purportedly entitled to relief.

Phillips claims that he should not have been sentenced as an armed career criminal because his prior state convictions, which were used as the basis for his armed career criminal status, had expired and "letter(s) of restoration of rights were given Petitioner as to each offense." (§ 2255 Pet., at 2-3). Title 18

of the United States Code limits what can count as a conviction for purposes of determining armed career criminal status:

> Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20). Relying primarily on *Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009), which interpreted § 921(a)(20), Phillips argues that because the restoration letter(s) he received from the state did not expressly state that he could not possess firearms, I did not have the authority to sentence his as an armed career criminal.

In my June 1, 2012, order (*see* Dkt. No. 03 CR 465-1), I warned Phillips that I would consider his motion to be a petition under 28 U.S.C. § 2255 unless he withdrew the motion. Though Phillips fails to identify the statutory grounds for his motion, it is, in fact, the functional equivalent of a petition brought pursuant to § 2255. *See United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000) ("any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255"). Having warned Phillips that I planned to

construe his motion as one under § 2255 and that he will have to seek the permission of the Seventh Circuit before filing any successive § 2255 motions, I now rule on the motion.

## II.

The first hurdle for petitioner is that he waited too long to file his § 2255 petition. Motions under § 2255 are subject to a one-year statute of limitations, running from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The government argues that Phillips' petition fails at the first step because it is untimely. Phillips certainly filed the petition long after his conviction and sentence became final. After his appeal was dismissed by the Seventh Circuit, Phillips did not file a petition for a writ of certiorari with the Supreme Court, and so his judgment of conviction became final when "the time for filing a certiorari petition expire[d]." *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (quoting *Clay v. United States*, 537 U.S. 522, 527, 123 S.Ct. 1072 (2003)). The time for Phillips to file a certiorari petition expired ninety days after the Seventh Circuit dismissed his appeal, or on January 29, 2007. See *Clay*, 537 U.S. at 525, 123 S.Ct. 1072 (citing Sup. Ct. R. 13(1)). Under § 2255 Phillips had until January 29, 2008, to file his petition, but he did not file the motion until November 28, 2011, almost 3 years and 10 months after the deadline under § 2255(f)(1) had expired.

Phillips contends that his petition is timely for two reasons. First, Phillips claims to be raising a jurisdictional challenge, which he argues cannot be waived and may be brought at any time. While petitioner is correct that jurisdictional challenges may not be waived, *see Kelly v. United States*, 29 F.3d 1107, 1113 (7th Cir. 1994), *overruled on other grounds by United States v. Ceballos*, 302 F.3d 679, 692 (7th Cir. 2002), this does not get him into the clear. To label the issue Phillips raises

5

as an issue of "jurisdiction" is, indeed, a misnomer. Petitioner's § 2255 motion does not identify a jurisdictional defect in the criminal proceedings but instead seeks belatedly to raise "an affirmative defense to a criminal charge under 18 U.S.C. § 922(g)(1)." *See United States v. Foster*, 652 F.3d 776, 791 (7th Cir. 2011). As the Seventh Circuit has recognized, "[s]ubject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999). Contrary to petitioner's representations and labels, he has not raised a jurisdictional challenge.

Phillips, citing *Bousley v. United States*, 523 U.S. 1604, 118 S.Ct. 1604 (1998), also appears to argue that his § 2255 petition is timely because the Seventh Circuit's decisions in *Buchmeier* and *United States v. Burnett*, 641 F.3d 894 (7th Cir. 2011), created a new rule that is retroactively applicable to this case. Under § 2255(f)(3), a petitioner has one year from the date on which the Supreme Court first recognizes a new right to file a motion under § 2255, if the new right is retroactively applicable. Section 2255(f)(3) is not available to Phillips for a number of reasons, but primarily because *Buchmeier* and *Burnett*

6

reaffirmed prior Seventh Circuit (not Supreme Court) holdings. *See e.g. United States v. Erwin*, 902 F.2d 510, 512-13 (7th Cir. 1990) (noting, almost two decades before *Buchmeier*, that "[i]f the state sends the felon a piece of paper implying that he is no longer 'convicted' and that *all* civil rights have been restored, a reservation in a corner of the state's penal code [withholding the right to carry guns] cannot be the basis of a federal prosecution") (emphasis in original).  Phillips contends that the holdings of *Buchmeier* and *Burnett* are not *Teague*-barred, but *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060 (1989), does not control this case because Phillips has not invoked a constitutional rule announced by the Supreme Court.  Only a right recognized by the Supreme Court of the United States will trigger a later start date for the one-year clock under § 2255(f)(3).

In arguing that petitioner's § 2255 motion must be denied, the government notes that Phillips has not identified the dates on which he allegedly received the restoration of rights letter(s).  The government asserts that unless Phillips received the letter(s) within a year of filing his § 2255 motion, therefore bringing the petition within § 2255(f)(4), the petition is untimely.  Not only has Phillips failed to respond to the government's argument on this point, he has failed to give any

7

indication of when he received the letters.[1] In my June 1, 2012 order (*see* Dkt. No. 03 CR 465-1), I directed Phillips to submit either the letter(s) or information regarding the dates on which he received the letter(s). Phillips has provided neither copies of the letter(s) nor any details regarding the letter(s). By failing to respond to the government's arguments on this point or to my June 2012 order, Phillips has waived any argument that his § 2255 petition is timely because he received the restoration letter(s) within a year of filing. *See United States v. Farris*, 532 F.3d 615, 619 (7th Cir. 2008) ("Farris failed to respond to the Government's argument in a Reply Brief, and accordingly, we find that Farris waived his sufficiency of the evidence challenge[.]").

---

[1] Petitioner's reply refers to a "Now Attached [. . .] Affidavit In Support" but Phillips did not file any such affidavit with his reply in this case. Phillips did, however, file an affidavit with a reply in support of his § 2241 in case number 11 C 5621, and that reply, apart from the caption, is identical to the one filed in this case. In the affidavit, Phillips explains that he tried to obtain copies of the restoration of rights letter(s) but was unable to do so. Even if I were to consider the affidavit as if it were filed in this docket, it does not support a finding of timeliness, and in fact supports the conclusion that Phillips' petition is barred by the statute of limitations. In the affidavit, Phillips avers that he requested from the Illinois Department of Corrections "copies of letter(s) sent to [him] upon completion of convictions for prior offenses in the years 1988 to 1990 and 1991 to 2002[.]" (Dkt. No. 11 C 5621, Doc. 23, at 9). Even assuming that Phillips received a letter on the latest of those dates, he would have received the letter prior to sentencing and the date on which statute of limitations began to run would have been the date on which his judgment became final under § 2255(f)(1).

III.

I conclude that petitioner's § 2255 motion must be denied as untimely. I also decline to issue a certificate of appealability, as no reasonable jurist would find my resolution of the procedural issue presented to be debatable or wrong. *See Gonzalez v. Thaler*, --- U.S. ----, 132 S.Ct. 641, 648 (2012) ("When, as here, the district court denies relief on procedural grounds, the petitioner seeking a COA must show *both* 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'") (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000)) (emphasis added).

ENTER ORDER:

*[signature]*

**Elaine E. Bucklo**
United States District Judge

December 17, 2012